Accordingly, we would hold that based upon the plain language of Section 991.1711(b), guaranteed premiums from annuities are not included in the numerator of the proportionate part fraction. Thus, while member insurers are unquestionably subject to an assessment on all annuity premiums, the mathematical calculation of the available offset of any such annuity, under the unambiguous language of Section 991.1711(b), is zero. Based upon this plain and unambiguous language, we would reverse the order of the Commonwealth Court.[4]

Justices SAYLOR and TODD join this opinion.

52 A.3d 1086

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Luis GARCIA, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 16, 2012.

during his life time; the proceeds of insurance policies are paid to survivors upon the insured's death. While irrelevant in a plain language analysis, these differences could be why the General Assembly did not include annuities in the subsection (b) defined numerator. Respectfully, the point is that the plain language is our "best indication of legislative intent," and that plain language clearly states that only guaranteed premiums of life, health, and accident insurance shall be included in the subsection (b) numerator.

Assuming that there is error in the clear legislative language, it falls to the legislature to pass an amendment to rectify that error.

4. We further note that the Commonwealth Court declined to dispose of constitutional issues raised by Allstate, instead deciding the appeal on the statutory and non-constitutional grounds discussed herein. Accordingly, we would further remand this appeal to the Commonwealth Court for consideration of any remaining and preserved constitutional claims.

18

■■■■■

## *ORDER*

PER CURIAM.

**AND NOW,** this 16th day of August, 2012, the Application for Leave to File a Supplement to the Petition for Allowance of Appeal and the Petition for Allowance of Appeal are hereby **DENIED.**

■■■■■

52 A.3d 1087

**MASON–DIXON RESORTS, L.P., Appellant**

v.

**PENNSYLVANIA GAMING CONTROL BOARD, Appellee**

v.

**Woodlands Fayette, LLC, Intervenor.**

Supreme Court of Pennsylvania.

Argued March 7, 2012.

Decided Aug. 20, 2012.

